E-FILED
Thursday, 10 June, 2021 02:31:27 PM
Clerk, U.S. District Court, ILCD

United States District Court
Central District of Illinois

Walter Thompson
Plaintiff,

v.

17 CV 2169

Judge Sue E. Myerscough

Timothy F. Bukowski, et al,
Defendants.

Plaintiff's Respone To Defendants
Renewed Summary Judgment

Now comes Plaintiff, Walter Thompson, Pursuant to Fed R. Civ. P. 56 and Local Rule 7.1 (D) and 7.1 (D) (2) (b) (5), in response to Defendants Bukowski, Downey, Kolitwenzew, Schultz, Woods, Huffines and their attorneys at the Private Law Firm of Hervas, Condon & Bersani P.C. In support of his motion, he States the Following:

Factual Background Limited
To Renewed Summary Judgment

On September 17, 2019 (Sept), the District Court (DC) invited Defendants (Defs.) to another opportunity for a Renewed Summary Judgment (RNSJ), based on evidence missing for the Record in Response to Plaintiff's (Pltf's) Summary Judgment Response (SJR) of June 2019. In other Words, the record belies omissions, Showing Defs (Who are Private Federal Contractors) and their "Private Corporate Attorneys" failed to provide disputing material evidence in their Production of Documents (POD), Interrogatories, My Repeated Motions to Compel Discovery, their Summary Judgment motion on June 15, 2018, nor their Response in their SJ

Motion filed July 19, 2019, to Justify their In-Actions as Head Officials Of Kankakee County, Kankakee County Detention Center (KCDC) and Jerome Combs Detention Center (JCDC) (the Jails). The DC notice the Omissions Of Defs absecent the record to Pltf informing Defs for months about my Unbearable Pain during the "Rough Rides," Hemorrhoids, Anal Bleeding, Lower Back, Spine, Knee and Huffines taking months to approve a Soft Chair my first Stay at JCDC as a "Federal Pre-Trial Detainee," never providing anything to assit me with sitting on Steel ever, never providing me a Soft Chair at all my last Stay at JCDC (July 2016 - March 2017). Nevertheless, the "RECORD REMAINS ABSCENT" - In all respects, to the Court's Sept. 17, 2019, Order.

On October 23, 2019, I filed a motion to reconsider with the DC as to the Qualified Immunity Protection for Defs and the DC's inviting Defs to a RNSJ. I Contended the Defs, nor their Corporate Attorneys do not possess the requested Omissions admit absecent from the record in respects to the Court's Sept. 17, 2019, Order. Also, I Contended that even if Defs attempted to "FABRICATE" any documents and or proof abscent the Court's inquiry, this will be a matter of Credibility (P.3), Citing Williams V. City of Chicago, 733 F.3d 749 (7th Cir. 2013): "The District Court may not resolve issues of Credibility when deciding Summary Judgment motion. These are issues for a Jury Trial; not a Court on Summary Judgment." Eitheryway, the record is still abscent in respect to the Court's Sept. 17, 2019, inquiry regarding the Omissions.

In addition, I made it Known to the Court the record belies 8th & 14th Amendment Violations, for the 40 Plus Signatures and 13 Self Serving Sworn testimonies were all "Federal Pre-Trial Detainees" - The record has not been Construed (has went Silent) to my Position that this

matter shows 14th Amendment Violations. Moreover, the Defs have not challenged (in their June 15, 2018 SJ Motion, July 19, 2019 SJ Response Motion, nor their October 30, 2019 RNSJ) my position that the record belies 14th Amendment Violations. Thus, waiving any "Potential" arguments to my 14th Amendment (Amend) Claims, See Thompson V. Bloggs, 33 F.3d 847, 854 (7th Cir. 1994); "We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority are waived." - Citing First Indiana Bank V. Baker, 957 F.2d 506, 508 (7th Cir. 1992).

On October 30, 2019, the Defs filed a 28 page RNSJ motion, presenting the exact same evidence in their original SJ motion on June 15, 2018 (same language, same Affidavit by Huffines, totally Redundant RNSJ).

On November 21, 2019, I filed a Motion For A Definite Statement, asserting the Defs failed to comply with the DC's Sept. 17, 2019, Order. Thus, there were no tangibles, documents, medical reports, responses Granting Grievance requests, nor material evidence and or a "Definite Statement" to answer the DC's inquiry about certain evidence missing for the record in Response to Plaintiff's June , 2019, SJR.

Nevertheless, I'm confused about Defs RNSJ in relation to the Court's order inquiring about Defs Omissions? The Ambigous RNSJ duplicates Defs's original SJ Motion of June 15, 2018, so much so, that the Defs are still Claiming I'm 45yrs. old in Paragraph (PG) #1 When in Fact, I was 46yrs; 9months in October, 2019, 1, the Redundant RNSJ Motion offers nothing, the Omissions are still there, and the "Record Remain Abscent."

On December 5, 2019, the Defs filed a Response to my Motion For A Definite Statement Claiming amongst all things; "Procedural Problems" - Then; "Plaintiff has not explained why he cannot now respond to the Defs RNSJ," See Defs's P.3 - PG #4 in Response For A "Definite Statement" by Defs.

To be Clear for the "RECORD" - I have "EMPhatically" respond to Defs "Duplicated RNSJ" in Plaintiff's original SJR filed June , 2019, See SJR - P. 6 - PG#24: "Dets (Detainees) Complaining for years about how JCDC Vans are harsh and Cause Unbearable Pain (See attached affidavits and declarations)"; P. 9 - "Self Serving Sworn testimonies Provided from October 2017 to July 2018 from "Federal Pre-Trial Detainees" Wanjiku, Perez, Harris, Goods, Whitting, Smith, Calhoun, Marks, Robinson, Whitmore, Rossini and Williams giving Personal accounts of how JCDC Vans Caused Pain, Harm, Injuries and Damages - Went undisputed; P. 15 - PG#44: "Huffines Jammed his finger into Pltf aggressively which left Pltf in worse Pain, and bleeding for days; The 4-17-15 Visit Was due to Pltf protesting and went to Disciplinary Segregation (Seg) about a Soft Chair that was Confiscated from Pltf, due to "HARASSMENT" by the C/Os at JCDC a day before (4-16-15), which Huffines finally approved Pltf a Soft Chair on 4-17-15, because Pltf asserted that he's not Coming out of Seg if he don't receive a Soft Chair (Material Attachments Proving his Claim)"; "Huffines denied Pltf a Soft Chair his last Stay at JCDC July 2016 - March 2017." P. 15 - PG#45: "For Huffines only gave Pltf Cream that Worsen Pltf's Condition, and never issued Pltf anything to sit on til months later, which Pltf had to go to Seg in protest, and was "Repeatedly Subjected to Harassment." (went unchallenged); P. 16: Wanjiku, Perez, Harris and Goods Self Serving Sworn Testimonies disputing the lies Huffines Claiming "Thompson is the only Det he Know Complaining about the Vans;" P. 17 - PG#49: "Travis Taylor denied a Cushion after Hemorrhoid Surgery Confirming Huffines "Blanket Ban" on assisting Detainees to sit on Steel;" P. 17 - PG#50: "Huffines told Pltf in the 12-12-17 Visit and previous Visits Since Pltf return to JCDC in July 2016: "that he (Huffines) will not provide Pltf anything, and he don't Care if Pltf went to Seg, Hunger Strike of filed a

lawsuit." - Huffines told Pltf personally: "that there are people who had hemo-rrhoid surgeries at JCDC, and I'm not allowing them to have a cushion." P. 18 - NOTE: Pltf made numerous Sick Call Request (SCR) since his return to JCDC in July 2016-2017. Also, the Defs have failed to provide SCR and Grievances Pltf made on Hard Copy and Kiosk From 2014-2017.

All the above assertions were supported by undisputed material documents, Grievances, requests, medical requests, dozens of documents and Self serving sworn testimonies. The Defs Omissions proved all above assertions true, for the record was and still remain silent in respects to Plaintiff's Claims and the Court's inquiry period.

The Defs used "Microsoft Word" to duplicate, edit, Copy, paste, add here, take away there to make "the exact same assertions in their original SJ of June 15, 2018" - Only to present the exact same language, sentences, Words, and Paragraphs in their Renewed (Redundant) SJ filed October 30, 2019.

The Court allowed Defs RNSJ for the "Limited Purpose" as to the Defs Omissions in the record in response to Pltf's Claims, which this Court determined these issues abscent the record Counsels against Summary Judgment.

Moreover, Defs have went silent to Pltf's 14th Amend Claims, "Grievance Retaliation" Claims and material evidence showing Defs "Blatantly Lied" about not knowing other "Pre-Trial Detainees" Complaining of Pain, Harm, and or Injuries in relations to the "Rough Rides."......

Thus, Pltf cannot identify what part of the Vague & Ambiguous RNSJ (in regards to the Court's inquiry) - The Defs claimed the Court may have mistaken Defs Omissions to Pltf's Claims in SJ? Nor what Part the RNSJ Claimed the record is not abscent in regards to Pltf's Claims? RNSJ failed to Clarify the DC's inquiry to fully develope the record, which Counsels against SJ.

# Reply To Defendants Duplicated Statement Of Facts (SOF)

## Chart #1

P= Page

PG= Paragraph

| Defs Original SJ June 15, 2018 | | | Defs Renewed SJ Oct. 30, 2019 | |
|---|---|---|---|---|
| P. 2 | PG - 1 | <———————> | P. 4 | PG - 1 |
| P. 2 | PG - 2 | <———————> | P. 4 | PG - 2 |
| P. 2 | PG - 3 | <———————> | P. 4 | PG - 3 |
| P. 2 | PG - 4 | <———————> | P. 4 | PG - 4 |
| P. 3 | PG - 5 | <———————> | P. 5 | PG - 5 |
| P. 3 | PG - 6 | <———————> | P. 5 | PG - 6 |
| P. 3 | PG - 7 | <———————> | P. 5 | PG - 7 |
| P. 4 | PG - 11 | <———————> | P. 5 | PG - 8 |
| P. 5 | PG - 16 | <———————> | P. 5 | PG - 9 |
| P. 5 | PG - 17 | <———————> | P. 6 | PG - 10 |
| P. 5 | PG - 20 | <———————> | P. 6 | PG - 11 |
| P. 7 | PG - 28 | <———————> | P. 6 | PG - 12 |

# Reply To Defendants Duplicated Statement Of Facts (SOF)

## Chart #2

P= Page

PG = Paragraph

| Defs Original SJ June 15, 2018 | | | Defs Renewed SJ Oct. 30, 2019 | |
|---|---|---|---|---|
| P. 7 | PG-29 | <——————> | P. 6 | PG - 14 |
| P. 7 | PG-30 | <——————> | P. 6 | PG - 15 |
| P. 7 | PG-31 | <——————> | P. 7 | PG - 16 |
| P. 7 | PG-32 | <——————> | P. 7 | PG - 17 |
| P. 8 | PG-33 | <——————> | P. 7 | PG - 18 |
| P. 8 | PG-34 | <——————> | P. 7 | PG - 19 |
| P. 8 | PG-35 | <——————> | P. 7 | PG - 20 |
| P. 8 | PG-36 | <——————> | P. 7 | PG - 21 |
| P. 8 | PG-37 | <——————> | P. 7 | PG - 22 |
| P. 8 | PG-38 | <——————> | P. 8 | PG - 23 |
| P. 8 | PG-39 | <——————> | P. 8 | PG - 24 |
| P. 8 | PG-40 | <——————> | P. 8 | PG - 26 |
| P. 9 | PG-41 | <——————> | P. 8 | PG - 27 |
| P. 9 | PG-42 | <——————> | P. 9 | PG - 28 |
| P. 9 | PG-43 | <——————> | P. 9 | PGS - 29 & 30 |
| P. 9 | PG-44 | <——————> | P. 9 | PG 31 |

Reply To Defendants

Duplicated Statement Of Facts (SOF)

1. Pltf agree With PG # 32.

2. Pltf disagree With PG# 33 - No official assigned a Soft Chair. Huffines never helped With nothing my return to JCDC.

3. Pltf disagree With PG# 34 - PA Huffines never helped Pltf with his hemorrhoid Condition, denied Pltf a Chair and or any thing to sit on the Steel With - Nor is this answers the Court's order. It took Pltf two months to receive his First Visit With Huffines after repeated Sick Call Request (SCR) his return to JCDC.

4. Pltf object to PG# 35, this is not What the RNSJ is about, nor do Pltf recall What PG#35 Was for?

5. The Defs are lying, Covering up all my SCR and numerous of Grievance. PG# 36 is false.

6. Pltf Disagree, Huffines never Provided anything, Pltf Was Frustrated - PG# 37 fails to admit Huffines did not.

7. Pltf Disagree With PG# 38, this has been received a response, and failed to Show Defs evidence absent the record.

8. PG# 39 is understood as the record reflects - However, Pltf objects - Defs failed to explain Omissions in the record.

9. PG# 40 - A total Flat out LIE - Pltf made 7 trips From July 2016 - March 2017 - Defs have not Provide one SCR made through the Kiosk Since Pltf's return to JCDC July 2016 - March 2017.

10. PG# 41 - Pltf disagree - No documents show Kolitwenzew helped, Spoke to Medical and or attempted to rectify the Cries for help - Nor Does PG# 41 disputed Pltf's Claims.

11. Pltf Disagree With PG# 42 - No Where do Def Kolitwenzew Show he attempted to help With the Van rides period.

12. Pltf Disagree With PG# 43 - Kolitwenzew and

Reply To Defendants
Duplicated Statement Of Facts (SOF)

his follow officials do not need medical Staff's advice to help "Pre-Trial Detainees" Who are complaining of unwanton infliction of Pain, Harm, Injuries and Damages Without Penological Justification for Years. Also, no official (Bukowski, Downey, Kolitwenzew, Schultz, nor Woods) Provide any Info that they investigated issues regarding the Vans after accidents, Complaints, Protest, evidence of Suffering and torture. No Evidence of Communication With Medical Staff, help with Grievance Request, nothing.

Plds, Kolitwenzew LIED in his Interrogatories!

13. Pltf Disagree with PG#44: Bukowski, Downey, Kolitwenzew, Schultz and Woods all Confirmed in their Interrogatories > They have the "Authority" ______, to direct Security Staff on how to transport Detainees in the Transportation Vehicles The record belies no investigations, attempts or any evidence to Justify Defs in-actions which is why the record is abscent to help the Court fully develope the record, which Counsels against Summary Judgment (Via the Court's order).

14. Pltf Disagree with PG#45 - Kolitwenzew is lying, nor have he attempted to Contact medical - And the only reason he makes such Claims now is to save face, for Kolitwenzew's Credibility has shown he's Proven to LIE, Pursuant to Fed. R. Civ. P. 33(C) and Fed. R. Evid. 608 - Kolitwenzew's Credibility Should be Challenged before a Jury.

The Court Invited Defendants To A Renewed Summary Judgment Not A Redundant Summary Judgment

15. If the Court never view Defs RNSJ as Confusing and Vague, admit ______ abscence in the Defs briefs in SJ in respects to

the Court's order regarding Defs Omissions The "Redundancy" of Defs RNSJ are more Clear & evident to say the least.

16. The Defs Simply Used Sentences from Pages 2-5 and Pages 7-9 from their Original SJ on June 15, 2018, then applied the Same language inserting Words here or there, edit here or there. In return, filed a so-Called RNSJ, Which Pages 4-10 belies Defs RNSJ of Oct. 30, 2019.

17. To be Clear, paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39 and 40 - All been presented to the Court for the "Record" (Huffines Same affidavit - everything Same). Defs RNSJ are Redundant in a "Nutshell"......

18. The Defs have the advantage and Benefit of a Computer to Copy and paste the same Words, paragraphs sentences, edit a little, add a little, all in hopes of a different outcome With the Court. Contrary, Pltf have to constantly rewrite and try to becareful not to make errors after rewriting over & over With his hand in Constant pain. Thus, Defs Omissions admit Pltf's Claims Still exist, as the Court acknowledged.

Kolitwenzew's Affidavit Should Be Presented In Trial

Although the Courts may not resolve issues of Credibility When deciding Summary Judgment - However, its hard to ignore the "Deceitfulness" of every defendant involved in this Case. The only Evidence Offered New in the Now Renewed (Redundant) Summary Judgment is Paragraphs (PGs) 41-45 in Defs SOF > PGs 41-45 is Kolitwenzew's Affidavit - Nevertheless, "Kolitwenzew LIED" in his Interrogatories (Pursuant to Fed. R. Civ. P 33 (C). Plaintiff's Interrogatories To Kolitwenzew -

Paragraph #5: "Do You recall Detainees Complaining about the PAIN and discomfort the Van Cause, and riding back and forth to Court is injuring Detainees? If so, how many Complaints do you recall?" Kolitwenzew's Answer: "I only recall Thompson Complaining about the Transportation Vans used by Kankakee County." Troy D. Whitmore filed a Grievance On JCDC's Kiosk on December 13, 2016 (The Same Month this lawsuit was originally filed - December 29, 2016 #16 (Y2390) Confirming how the Vehicles Were causing him nasea, disorientation - Confirming he will not goto Court in that mode of transportation, even though he want to go to Court - Whitmore States to Downey & Kolitwenzew - "The Staff here at JCDC Know about the harm these Vans are Causing but done nothing to address the harm that they causing to the health and Safety to the General Population." Kolitwenzew is the Grievance Personnel Denying Whitmore's Grievance the exact Same month this Complaint Was Filed - This is the Reason Defendants never wanted to Provide Discovery, and this is the Reason Pltf Knew not to ask Defs if there are individuals there who are Witnesses, for the Defense will never reveal their own Wrong doing or Present Evidence Showing their negligence.

Thus, it is Safe to Say Kolitwenzew has "Givean a False Testimony" Under Oath in his Answer to Pltf's Interrogatories (See Ex.#6 ECF#41). Moreover, Whitmore's Self Serving Sworn testimony evidence Whitmore Should be a party Joined to this Complaint.

Defendants Presented Huffines Same Affidavit In Their New Summary Judgment

The record belies Huffines had a "Blanket Ban" on assisting

"Pre-Trial Detainees" with Hemorrhoid PAIN (SJR P.17-Travis Taylor denied a cushion after Hemorrhoid Surgery - Pltf presented 2 Affidavits in SJR Confirming Huffines ignoring injuries.

Also, Huffines response in Interrogatories: "Do You recall the Plaintiff and other Detainees complaining about the PAIN and discomfort the Vans cause, and riding back and forth to Court INJURING Detainees? If so, how many complaints do You recall? Huffines Answer: "I do not specifically recall any other inmates complaining about being injured or experiencing pain while being transported in vans." However, 4 self serving testimonies of Wanjiku, Perez, Harris and Goods all disputes Huffines claims, confirming the Detainees notified about injuries the vans were causing ——— (See Ex #9 SJR June 2019).

In addition to the self serving testimonies disputing Huffines, Huffiens LIED that he never seen "Blood In My Bowel Movement" on May 6, 2015, When he came to see me on Max B (in Segregation for Chest Pains), there were Staff members (Nurse Angie and Corporal Brown) who witnessed the Blood - With Huffines saying? "I Believe You - I don't want to see it no more (I twice Provided this information in Interrogatories - See Ex. # ).

Nevertheless, its safe to say Huffines 20+ lawsuits in 4 years Evidence Huffines has a habit (Pattern & Practice) denying Pre-Trial Detainees Who are Pleading for medical attention. Thus, as a Private Contractor, Huffines denials of deliberate indifference falls flat. Plus, Defs used the same PA Huffines affidavit in their RNSJ SOF, leaving the record abscent in regards to Plaintiff's Claims - As the Court Construed Cousels against summary Judgment

Defendants Waived Arguments To Grievance Retaliation And Procedures

Federal Courts have long recognized a Prisoner's right to

Seek administrative or Judicial remedy of Conditions of Confinement. Pearson v. Welborn, 471 F.3d 732 (7th Cir. 2006); Prisoners are entitled to Utilize available grievance Procedures Without threaten of recrimination, and to State a retaliation Claim, a prisoner is required to only allege enough to put defendants on notice and enable them to file an answer- Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005); An act in retaliation for the exercise of a Constitutionally protected right is actionable Under 42 U.S.C.S § 1983 even if the act, when taken for different reasons, would have been proper - Bridges v. Gilbert, 557 F.3d 541 (7th Cir. 2009).

On 11-9-14, I submitted 2 Grievances! (1): Titled Grivance Procedure (about JCDC Corrupt Grievance Procedures) and (2): Titled Illegal Transportain of Human Beings Pursuant to the Illinois Vehicle Code (625 ILCS 5/1-182.6) and Vehicular Endangerment (725 ILCS 5/12.5.02), citing 8th & 14th Amendment Violations (attached to original Complaint and this Complaint 16 CV 2390 and 17 CV 2169) Soon after both Grievances, I begin to experience retaliation On another level.

The record belies I was Called a N*gger by C/o Riley, and C/o Riley Called Pltf a N*gger for writing a Grievance on C/o Riley that he (C/o Riley) personally return to Pltf. The N*gger Grievance never received a reply With proof Showing Staff signature, Pltf attached the N*gger as an Exhibit in Motion To Reconsider Merit Review and Pltf's SJR in the other Matter (16 CV 2390). Also, C/o Offerman Personally told Pltf: "I hate Your F*cking Guts" - "You Write too many F*cking Grievances talking about Rights Y'all have" - "Thats why I had You moved (From a Dorm to a Cell)" - "I hope-Somebody F*ck U up (meaning physically Beat Pltf)."

While Pltf have many Grievances filed at JCDC - The repeated

reports of retaliation has been ignored - Pltf have Grievances Complaining about retaliation on 3-1-15, 3-12-15, 4-23-15, 4-27-15, 5-1-15, 5-17-15 and Various dates. Defs Robert Schultz replied to many of the Grievances, which the record belies Pltf attached to this Case in his SJR on June 2019, See Exhibits (Exs B - B#7).

In June , 2019, Pltf explained in his SJR: P.2 "Racism and Retaliation;" P.15 - PG#44 "Due To Harassment;" P.15 - PG#45 "Repeatedly Subjected To Harassment;" and P.26 "The Defendants Have A Flawed Grievance Procedure." None of the above evidence received a reply by Defs in the 1st Complaint (16 CV 2390), in this matter (17 CV 2169), nor in the 7th Circuit Appeals Court (18-3009).

Pltf thoroughly Exhausted His Administrative (Admin) Remedies, Pursuant to 42 U.S.C.S § 1997 (e), PLRA - The Defs Constantly Complaing Pltf filed "too many Grievances," calling me a "Serial Litigant." However, the record belies omissions and abscent Defs actions to Grievances Submitted. Nonetheless, Defs have allowed the record to go silent in response to my retalitory Claims, Waiving Any "Potential Undeveloped" Arguments, Thompson V. Bloggs, 33 F.3d 847, 845 (7th Cir. 1994), Citing First Indiana Bank V. Baker, 957 F.2d 506, 508 (7th Cir. 1992). Thus, Defs have a "Blanket Policy" on Page 21 in their JCDC Inmate Handbook that details they will not respond to Grievances they do not agree With, See EX-C: "Grievances Contain Complaint(S) will not be Considered or responded to."

The Defendants Have A History of Attempting To Falsify Evidence And Materials

Pltf have a self serving sworn testimony (Declaration) in a Prior lawsuit involving Defs (Prison Legal News (PLN) V. KankaKee #14 CV 2290), Where the Defs Settled four One hundred and twelve thousand dollars ($112,000.00) Within

5 months and never attempted trial, here in the Central District.

The Defs attempted to have Pltf sign my name unconsciously and falsify documents in the PLN Case. The Declaration explained: "I refused to sign the Statement about PLN in December 2014 because the Statement was not true. I told the officer the Statement was not true." (See EX-D ). Later that day, I learned that PLN had a Complaint against JCDC for 1st & 14th Amendment Violations.

Nonetheless, in the PLN Case, Defs attorneys (Yordana Sawyer & Michael Condon) came to speak with other Detainees and I in an "Unscheduled Unexpected Legal Visit" (after sending us notice through Subpoena that the attorneys Will Come and depose me).

The attorneys "Unexpected Legal Visit" Prior to the Deposition (Dep.) Was in hopes to secure some "Helpful Info" prior to the Dep, which the Defs' attorneys Canceled the Dep, once the attorneys Knew the Dep. will not benefit Defs' (See EX-E Letter from Attorney Yordana Cancelling Dep).

In addition, since the PLN Case, Pltf notice Defs were deleting Request, Sick Call Request (SCR) and Grievance when I arrived back at JCDC (July 2016 - March 2017). Therefore, On Sept. 27, 2016 (2 months after my arrival back to JCDC), I sent a request for a "Hard Copy" of his Grievances & Complaints, which I made Know Defs were covering up our "Grievances and **LEGIT COMPLAINTS!!!** (See EX-F ), Defs never provided copies.

Thus, Defs are savy to say the least, which Defs now attempt to cover up, minimize my Complaints & SCR at JCDC, is just another savy attempt to cover up and downplay my reports of injuries, Complaints and relief request while Pltf was housed at JCDC - However, No Where in the record do Defs claimed They even "Attempted To Help A Class of Dets Suffering."

The Record Shows Defendants Withheld Discovery

Disputing Defendants Interrogatory Answers

This Court held: "To prove the absence of a material fact, the moving party may cite to "particular materials in the record, including depositions, documents, eletronically stored information, affidavits or declarations, stipulations... admissions, Interrogatory Answers, or other materials," See Davis V. Phillips 2012 U.S. Dist. Lexis 125184 (Cent. Dist. Ill Sept. 4, 2012). Here, the Defs are not Claiming Pltf's absence of material facts - Vise Versus, the Court found Def's' absence.

The Court do not have to Contemplate why Pltf's discovery request was hindered by Defs - Defs knew the requested discovery evidence Burkowski, Downey, Kolitwenzew, Schultz, Woods and Huffines all knew there were dozens, if not, hundreds of Detainees Crying, do to experincing unbearable Pain, Harm, Injuries and Damages from the "Excessive Rough Rides" - Due to Defs willful intentions "turning a blind eye" of Obvious 8th & 14th Amendment Violation", See Davis U.S. Dist. 125184 at 14-15: "Although Plaintiff's Claims technically fall under Due Process Clause of the fourteenth Amendment because he is a Civil detainee, the Eighth Amendment Standard is apt and therefore prohibit unjustified punishment to plaintiff."

If the court notice, Defs never addressed Grievances of Ford, Whitmore and Goods, nor provided Grievances and or Complaints from Mr. Harris nor Detainee Salaam as the Court Ordered (ECF #36). Defs were not Truthful in their Interrogatories, then attempt to hide Repeated Requested Discovery, which evidence Deliberate Indifference (S). The 40+ Signatures and 13 Self Serving sworn testimonies Disputed Defs Claims of not Knowing (mis-leading) Detainees Complaining about the "painful Rough Rides" — Kolitwenzew and Schultz personally denied Ford & Whitmore Grievances.

The Seventh Circuit held: "Fed. R. Evid. 404(b) permits the introduction of evidence of other acts. Such evidence is relevant and admissible to show a custom or practice by a municipality" - Woodward V. Corr. Med. Servs of Ill. Inc., 368 F.3d 917 (7th Cir. 2004). Defs have a habit of not being truthful, even under oath.

Legal Standard Governing
Summary Judgment

This Court review the district Court's grant of Summary Judgment de novo Burton V. Bd of Regents, 851 F.3d 690, 694 (7th Cir. 2017). Summary Judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to Summary Judgment as a matter of Law Fed. R. Civ. P. 56(a). therefore, this Court review all evidence in light most favorable to the non-movant party. Nicholson V. City of Peoria, 860 F.3d 520, 522 (7th Cir. 2017). Discrepencies in the factual record should be evaluated in the non-movant's favor. Anderson V. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). This Court held: "In Summary Judgment Context, a Court must Construe the record in light most favorable to the non-movant and aviod the temptations to decide which party's version of facts is more likely true." Lewis V. McClean, 846 F.3d 556 (7th Cir. 2017).

On Sept. 17, 2019, this Court acknowledged: "Plaintiff Complained for months about this problem and requested a Cushion to ease his pain during transportation." "Defendant Do Not Address This Issue" (P.6). "The Court Cannot tell Who, if anyone, Considered Plaintiff's request for a Cushion during the transport, the reason a Cushion was not allowed, or wether Plaintiff's hemorrhoids required Plaintiff to be transferred in a different Vehicle altogether." (P.6). "In Short, Defendants have "NOT ADDRESSED" whether transporting Plaintiff in the Van amounted to deliberate indifference to Plaintiff's hemorrhoids." "THE "ABSENCE OF A RECORD" on this issue Counsels against Summary Judgment" (P.6).

The DC invited Defs an opportunity to a Renewed Summary Judgment to help "Fully Develope The Record" Via Court's Sept. 17, 2019 Order (P. 7), meaning the Court found Discrepancies in the "FACTUAL RECORD" in Def's' June 15, 2018 Summary Judgment Motion and Defendant's July 2019 Response

in Support Of Defendant's Motion For Summary Judgment, despite Def's' Coporate Law Firm, hired ($7,300) Expert, Production of Documents, Deposition of Pltf and response to Pltf's numerous Motions To Compel Discovery, Which this Case was Continued for almost a year - Yet Defs have not proved a RECORD absecent Pltf's Claims, For Discrepancies in the Factual Record Should be evaluated in favor of the non-movant. Anderson V. Liberty Lobby Inc., 477 U.S. 242, 255 (1986).

The record belies Defs Lying, with Disputing material facts proving Defs LIED; The Record belies 13 Personal Self Serving Sworn testimonies and Grievances all proving Defs Knew there were a Class of Pretrial Detainees Protesting, Complaining, Writing Grievance, See Payne V. Pauley, 337 F.3d 767-73-74 (7th Cir. 2003):"We hope this discussion lays to rest the misconception that evidence presented in a "self serving" affidavit is never sufficient to thwart Summary Judgment motion. Provided that the evidence meets the usual requirements for evidence presented on Summary Judgment -- including the requirements that it be based on personal Knowledge and that it set forth Specific facts Showing that there is a genuine issue for trial -- a Self Serving affidavit is an acceptable method for a non-moving party to present evidence of disputed material facts."

The Defendants tried to downplay this matter, as the evidence Show there is a Class of Detainees Suffering Pain, Harm, Injury and Damages from their In-actions, totally disregarding and neglecting their duties as State Officials acting as Federal Contractors.

Detainee Goods Went to Segregation in Protest Over the Dog Kennel Van, suffered a menicious tare, Whitmore and an entire Class that Defs Want this Court to completely neglect as the Defs neglect our cries for help. Admit, this Court acknowledge Defs Absecent to Pltf's Claims - Def Did Nothing, but Claimed Qualified Immunity, which the Lewis Court gave Warning.